101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert SUNENBLICK, d/b/a Uptown Records, Plaintiff-Appellant,
v.
Andre HARRELL; MCA Inc.; Andre Harrell, Inc.; MCA
Records, Inc., Defendants-Appellees.
 No. 95-7906.
 United States Court of Appeals, Second Circuit.
 May 17, 1996.
 
 APPEARING FOR APPELLANT: Thomas L. Bohan, Thomas L. Bohan & Associates, Portland, ME.
 APPEARING FOR APPELLEES: Stephen F. Huff, Pryor, Cashman, Sherman & Flynn, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present: MESKILL, MINER, Circuit Judges, SCULLIN, JR.,* District Judge.
 This cause came to be heard on the transcript of record and was argued by counsel.
 Plaintiff-appellant Robert Sunenblick appeals from a judgment entered in the United States District Court for the Southern District of New York (Newman, J.), following a bench trial, dismissing his trademark action.
 
 
 1
 Sunenblick has operated an independent jazz record company since 1978. From the inception of his company to the present, Sunenblick has sold a total of 37 record and CD releases. His releases generally are jazz recordings of relatively unknown artists. All of his releases have had minimal sales. In January of 1981, Sunenblick began using the name "Uptown Records" as his trademark. Sunenblick claims that he adopted a mark featuring the word "Uptown" because he considered the term to evoke the stylish image of jazz culture in Harlem, as it was known in the 1930s and 1940s. In 1981, Sunenblick registered his "Uptown Records" mark on the New York State registry of trademarks. In 1991, he renewed the registration, and it remains in effect today.
 
 
 2
 Defendant-appellee Andre Harrell is the president and founder of Uptown Enterprises. Harrell began his music career at the age of 16 as a rap artist and performer. In 1986, Harrell started Uptown Enterprises with the express purpose of developing "hip hop" music artists. In 1986, defendant-appellee MCA, Inc. ("MCA" and together with Harrell, the "defendants") entered into an agreement with Harrell, in which MCA agreed to finance, distribute, and market the recordings produced by Harrell. Between 1986 and 1994, Harrell has had approximately 27 gold and platinum records.
 
 
 3
 From the date on which Harrell first released music under his Uptown label until 1991, Sunenblick and Harrell's products were sold simultaneously and neither party was aware of the existence of the other. However, in the fall of 1990, Sunenblick wrote MCA, seeking to acquire rights to certain jazz recordings. MCA agreed to provide a license, but informed Sunenblick that it was distributing Harrell's records under the label of Uptown Records. Sunenblick responded by letter that he had used this mark since 1978, and that it was registered in New York. MCA then informed Sunenblick that all inquiries regarding such matters should be forwarded to Harrell.
 
 
 4
 Thereafter, Sunenblick brought an action under § 43(a) of the Lanham Act, seeking a permanent injunction enjoining the defendants from using the trademark "Uptown," or any trademark confusingly similar, as a record label or in connection with their recording business. After a bench trial, the district court in a comprehensive opinion found that there was little likelihood of confusion as to the source of Sunenblick's products as a result of the defendants' trademark, and dismissed Sunenblick's action. See Sunenblick v. Harrell, 895 F.Supp. 616 (S.D.N.Y.1995). We affirm, substantially for the reasons given in the opinion of the district court.
 
 
 
 *
 The Honorable Frederick J. Scullin, Jr. of the United States District Court for the Northern District of New York, sitting by designation